389 P.2d 123

**Joe A. BRITZ, Appellant,**

**v.**

**Adeline BRITZ, Appellee.**

**No. 7238.**

Supreme Court of Arizona.

In Division.

Feb. 6, 1964.

Dunseath, Stubbs & Burch, by Dean R. Burch, Tucson, for appellant.

Cusick, Watkins, Frey & Odgers, Tucson, for appellee.

UDALL, Chief Justice.

Appellant, Joe A. Britz, was the defendant in a divorce action brought by appellee Adeline Britz in the Superior Court of Pima County. Judgment was entered as prayed in the complaint and from an award of alimony and the court's distribution of the community property, this appeal is taken.

As error, the appellant first urges that the division of the parties' community property was so disproportionate as to constitute an abuse of discretion. The evidence shows that the community owned shares of stock worth approximately $260, a sellers' interest in a contract for the sale of real estate having an approximate value of $15,000, and cash and miscellaneous personalty totalling about $240. The stock and the interest in the real estate contract was awarded to the wife with the balance of $240 going to appellant. This is indeed a disproportionate distribution which under some circumstances might require modification by this court. Reviewing the record, however, in the light most favorable to upholding the decision of the trial court, Spector v. Spector, 94 Ariz. 175, 382 P. 2d 659 (1963), the decree appears substantially justified and well within the broad discretion granted by A.R.S. § 25–318.

The parties had been married since 1953. They had no children and had both worked at some employment throughout the marriage. At the time of the suit the wife was a registered nurse at Tucson General Hospital and received a salary of $400 per

month. Appellant worked at Monthan Air Force Base and was earning in excess of $650 per month. It further appears that appellee paid all of their living expenses from her salary and provided the funds to acquire the property in dispute. There was evidence to the effect that appellant drank to excess, that he squandered his earnings for personal purposes and never accounted to the appellee for their use.

Moreover, there was evidence that appellee's health had become impaired since the marriage. Both parties testified that she suffered from undisclosed female difficulties. She had undergone several previous operations and further surgery which might reveal a malignant condition was in prospect. She testified that appellant was responsible, in part, for her physical ailments; that his morose and abusive conduct caused her much nervousness and mental distress which, in turn, brought on a miscarriage with internal complications. According to her testimony, appellant had threatened her with guns on several occasions. While this was not corroborated and appellant denied it, an acquaintance of the parties testified that appellant treated appellee disrespectfully and unkindly.

 Admittedly, a division of community property should be substantially equal "in the absence of some reason requiring a contrary action." Schwartz v. Durham, 52 Ariz. 256, 80 P.2d 453 (1938), and judicial discretion should not be so exercised as to reward one party and punish the other. Porter v. Porter, 67 Ariz. 273, 195 P.2d 132 (1948). Nevertheless, we think the evidence recited above provides ample support for the decree in this case. Not only could the court have found appellee's efforts primarily responsible for the accumulation of the property, but it could also have concluded that the precarious state of her health would necessitate future medical expenses and severely limit her earning power. This court has upheld disproportionate distribution of community property under circumstances similar to these. In Honig v. Honig, 77 Ariz. 247, 269 P.2d 737 (1954), for example, we said:

"It is apparent that if it had not been for plaintiff's labors, and her frugality and business sense, there would have been little or no community property to be the subject of controversy in this litigation. We hold the trial court did not abuse its discretion in awarding to the plaintiff the 'lion's share' * * *."

See also Patterson v. Patterson, 63 Ariz. 499, 163 P.2d 850 (1945); Reed v. Reed, 82 Ariz. 168, 309 P.2d 790 (1957). We do not find any abuse of discretion here.

 For substantially the same reasons, the alimony award of $10 per month to appellee must be affirmed. Such an

award is within the sound discretion of the trial court. Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963); Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963). The factors which must be considered include the ability of the husband to pay and the needs of the wife, Kennedy v. Kennedy, supra, as well as the wife's ability to support herself. Smith v. Smith, 89 Ariz. 84, 358 P.2d 183 (1960). In addition to the evidence already adduced, the record shows that appellant's net monthly salary exceeded appellee's by about $175 and that he had a considerable amount of separate property. Again, it is likely that the court considered appellee's physical condition and the possibility of major medical expenses and decline in earnings.

The sum awarded was nominal. Should it be warranted by future developments, the court is empowered by A.R.S. § 25–321 to make adjustments in the amount of alimony. On the present record we find no clear abuse of discretion calling for modification by this court.

Finally, appellant seeks reversal on the ground that the court exceeded its power in divesting appellee of her interest in certain bonds and real property held by the parties in joint tenancy. A.R.S. § 25–318 plainly prohibits such procedure. See Collier v. Collier, 73 Ariz. 405, 242 P.2d 537 (1952). But there is no more fundamental principle in our law than that error can be asserted only by a party whose interests have been prejudiced thereby. Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649. The joint property was awarded to appellant. If appellee complained we would of course be compelled to reverse under A.R.S. § 25–318 and the Collier decision, supra.

There is room for argument that the court counterbalanced the discrepancy in the community property award by setting over the joint property to appellant. Had the wife been permitted to retain her joint interest, it is altogether possible that a different distribution of the community would have been made. But it is not reasonable to suppose that appellant's share of the community in such an instance would have exceeded the wife's share of the joint estate in value. Hence, the net effect would have been the same.

Affirmed.

STRUCKMEYER and JENNINGS, JJ., concur.