424 P.2d 845

James E. GRANT, Special Administrator of the Estate of Geraldine E. Roy, Appellant,

v.

The ARIZONA BANK, an Arizona corporation, Appellee.

No. 1 CA–CIV 354.

Court of Appeals of Arizona.

March 10, 1967.

Rehearing Denied March 27, 1967.

Review Denied April 19, 1967.

198

James E. Grant, Phoenix, in pro. per.

Ryley, Carlock & Ralston, by John C. Ellinwood, Phoenix, for appellee.

STEVENS, Judge.

This opinion relates to the motion of the appellee to dismiss the appeal. We deem the matter to be of sufficient general importance to merit a formal written opinion. The primary matters for consideration relate to the special administration of a decedent's estate and to the effect of the qualification of a general administrator.

During her lifetime, Geraldine E. Roy secured two judgments against The Arizona Bank as garnishee. These judgments were filed on 1 June 1965 and 19 July 1965. The motion of the garnishee to set aside the judgments was granted and the order was entered on 27 September 1965. This appeal in relation to said order followed.

The appeal was lodged with this Court on 8 March 1966 and the caption of the appeal recites that Geraldine E. Roy is the appellant. Shortly thereafter the appellee moved this Court to dismiss the appeal. The motion was supported by an affidavit that counsel for the garnishee was informed on 26 November 1965 that Geraldine E. Roy had died on 3 September 1965. In relation to this motion, and on 21 March 1966, this Court entered an order, in part, as follows:

> "IT IS ORDERED allowing the Appellant to and including the 21st day of April 1966 within which to file a motion for substitution in this Court, attaching to said motion a certified copy of suitable Arizona letters in relation to the estate of the deceased Appellant. Failing to so file the motion to dismiss the appeal will be granted."

Within the time specified in the order, a motion for substitution was filed supported by a certified copy of a Superior Court order dated 18 April 1966, which order recited, in part, as follows:

> "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that JAMES E. GRANT be and is hereby appointed Special Administrator in the above entitled matter for the purposes of prosecution of the appeal No. 1 CA-CIV 354, Geraldine E. Roy vs. Van Wie Fletcher, et al. Bond $5.00 RLM"

This Court then entered an order denying the motion to dismiss.

It is appropriate to examine the *Arizona Revised Statutes* in relation to special administrators.

A.R.S. Title 14 is entitled "Decedent's Estates and Fiduciary Relations".

 Chapter 4 thereof is entitled "Personal Representatives". Article 3 of Chapter 4 is entitled "Special Administrators."

"§ 14–441. Circumstances under which special administrator appointed

When there is delay in granting letters testamentary or of administration from any cause, or when the letters are granted irregularly, or a sufficient bond is not filed as required, or when no application is made for letters, or when an administrator or executor dies or is suspended or removed, the court shall appoint a special administrator to collect and take charge of the estate of the decedent in whatever county or counties the estate may be found, and to exercise such other powers necessary for preservation of the estate."

"§ 14–442. Appointment of special administrator; bond

A. The appointment of a special administrator may be made at any time, and without notice, and shall be made by entry upon the minutes of the court, specifying the powers to be exercised by the special administrator. Upon the order being entered, the clerk shall issue letters of administration to such person in conformity with the order. * * *

B. *Before the letters issue, the special administrator shall give bond* in such sum as the court directs with sureties to be approved by the judge, conditioned upon the faithful performance of his duties, *and he shall take the oath* required of administrators which shall be endorsed on the letters." (Emphasis supplied.)

"§ 14–443. Duties of special administrator

A. The special administrator shall collect and preserve for the executor or administrator the personal property of decedent, take charge and management of, enter upon and preserve from damage, waste and injury, the real property, and for such purposes may commence and maintain, or defend, actions and procedings as an administrator." * * *

"§ 14–444. Termination of power of special administrator; delivery of property; accounting

A. *When letters testamentary or of administration on the estate of the decedent have been granted, the powers of the special administrator cease,* and he shall forthwith deliver to the executor or administrator all property and effects of the decedent in his custody, and render an account and report of his proceedings in like manner as administrators.

B. The executor or administrator may prosecute to final judgment an action commenced by the special administrator." (Emphasis supplied)

In the Matter of the Estate of Julie H. Pitt, Deceased, 1 Ariz.App. 533, 537, 405 P.2d 471, 475 (1965), this Court stated:

" * * * It is the policy of the law to keep the administration of decedents' estates in the hands of regularly appointed administrators and executors and to rely on special administrators only in cases of emergency and for a limited time. * * * "

"Statutes vary in the authority granted a special administrator, but the cases generally provide, which we declare to be the rule in Arizona, that his powers are to be strictly construed; that his authority must be found in the statutes and in the orders of the probate court.

* * * "

 It will be noted that in response to the above quoted order, this Court was

**200**

informed that the Superior Court, sitting in probate, entered the above quoted order dated 18 April appointing Mr. Grant as the special administrator. This Court was not then informed as to whether letters of special administration had issued. It is clear under the Arizona Revised Statutes that an order of appointment which is not carried forward with the filing of the bond and the taking of the oath, as evidenced by the issuance of appropriate letters, confers no authority. We were in error in not granting the motion to dismiss based upon the inadequate showing made in response thereto.

The current motion to dismiss was filed on 19 January 1967, and when the Court granted additional time within which to respond, the same was enlarged by a supplemental filing on 7 February 1967. It now appears that no letters of special administration were issued. It further appears that prior to 29 November 1965, letters of general administration were issued to Mr. Wojtowicz in the domiciliary (Illinois) estate of Geraldine E. Roy. It further appears that on 12 May 1966, Arizona Letters of Administration were issued to Mr. Walsh in the same probate cause wherein the order appointing the special administrator had been entered. The order appointing Mr. Walsh and his letters of administration were prepared on the legal paper of Mr. Grant.

While there are other matters raised in the motion to dismiss, we deem that it is necessary to consider only the current status of the appeal. As before stated, we were in error when we did not dismiss the appeal in response to the first motion to dismiss. Even were we able to sustain Mr. Grant's contentions that it is the order of appointment and not the issuance of the letters which vest the authority in the special administrator, and this we cannot do, Section 14–444 is crystal clear that when the letters of general administration were issued to Mr. Walsh on 12 May 1966, "the powers of the special administrator", if Mr. Grant then had any powers as special administrator, "cease(d)".

The issuance of the mandate in this matter will constitute a dismissal of the appeal.

CAMERON, C. J., and DONOFRIO, J., concur.