443 P.2d 431

**FARMERS INSURANCE GROUP,**
Appellant,

v.

**WORTH INSURANCE COMPANY,**
a corporation, Appellee.

**No. 2 CA–CIV 279.**

Court of Appeals of Arizona.

July 16, 1968.

Robertson & Fickett, by Burton J. Kinerk, Tucson, Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellant.

May, Dees & Newell, by Willis R. Dees, Tucson, for appellee.

MOLLOY, Judge.

We consider in this opinion whether one liability insurance company (Farmers Insurance Group), which appealed from a judgment declaring that another liability insurance company had no coverage as to a certain automobile accident, has such an interest in its appeal that it can assign its appeal rights to other parties to the litigation who did not appeal from that judgment.

An action was brought by Worth Insurance Company, asking for a judgment declaring that it had no liability insurance as to a car owned by one Wilson, et ux. According to Worth's complaint, this automobile was involved in an accident with a car operated by one Turner in which the wife of one Jensen was a passenger. Worth further alleged that a lawsuit was subsequently filed by Jensen seeking to recover damages from the Wilsons for the death of Mrs. Jensen, and that Turner also claimed to have sustained damage as a result of the collision, allegedly the fault of Wilson. Wilson, et ux., Turner and Jensen were joined as defendants to this action. The relief requested by Worth was a declaration that Wilson did not have any automobile liability insurance from Worth which would cover or protect him as to this accident.

The parties subsequently filed a stipulation that Farmers be joined as a party defendant. There is no indication in this stipulation as to why Farmers was joined. The complaint requested no relief against Farmers. Individual answers were filed by the defendants and by Farmers. Farmers' answer admitted certain allegations of Worth's complaint and denied the remainder. These subsequent pleadings asserted no claim either against or in behalf of Farmers. The case was tried to the court, and judgment was entered favorable to Worth as to all issues.

A "motion for new trial and to reconsider judgment," was filed by counsel for defendant Turner, purportedly on behalf of all defendants. This was subsequently denied by minute entry order. Farmers alone appealed to this court from the final declaratory judgment and our record discloses a subsequent substitution of counsel for Farmers in the appellate proceedings—trial counsel for defendants Jensen and Turner being substituted as counsel of record for Farmers.

A jurisdictional challenge has been presented by Worth via motion to dismiss the appeal. In his affidavit, appended to the motion, counsel for Worth states:

"* * * that Farmers Insurance Group resolved its differences with the other parties to the lawsuit and has no further interest in the outcome of this appeal."

The affidavit of present counsel for Farmers, in opposition, contains the following:

"* * * that both defendants Jensen and Turner have entered into a contract with Farmers Insurance Group, whereby all claims of both Jensen and Turner against Farmers for uninsured motorist coverage or the liability of Turner were resolved by a Covenant reserving all rights against Worth Insurance owned by Farmers and Wilson and assigning them to Jensen and Turner; that the same rights of the prior defendant Wilson have also been assigned to Jensen and Turner, and are being asserted by Farmers in this Appeal."

In considering whether an appeal should be dismissed for matters dehors the

record, we believe it to be appropriate to consider affidavits of counsel such as quoted above. In re Estate of Henry, 6 Ariz. App. 183, 430 P.2d 937 (1967); Grant v. Arizona Bank, 5 Ariz.App. 197, 424 P.2d 845 (1967); 5 Am.Jur.2d Appeal and Error § 925; 4 C.J.S. Appeal and Error § 211.

It is a prerequisite to our appellate jurisdiction that the appellant be a "party aggrieved" by the judgment or order from which the appeal is taken. Christian v. Cotten, 1 Ariz.App. 421, 403 P.2d 825 (1965); Rule 73(a), Rules of Civil Procedure, 16 A.R.S.; 4 C.J.S. Appeal and Error § 183(a). In order to have an appealable interest in a judgment, the judgment must operate, by its own force, on the property rights of such person, or bear directly upon one or more of his personal interests; there must be a substantial grievance—a denial of some personal or property right or the imposition of a substantial burden or obligation. In re Roseman's Estate, 68 Ariz. 198, 203 P.2d 867 (1949). See also Danielson v. Stokes, 214 Cal.App.2d 234, 29 Cal.Rptr. 489 (1963); Beachler v. Ford, 77 Ohio App. 41, 60 N.E.2d 330 (1945); Whitman v. Whitman, Okl., 397 P.2d 664 (1964); Crofwell v. Goldstein, 230 A.2d 854 (R.I.1967); Sheets v. Benevolent & Protective Order of Keglers, 34 Wash.2d 851, 210 P.2d 690 (1949); 4 C.J.S. Appeal and Error § 183(b) (1). Mere disappointment in a particular result does not constitute aggrievement sufficient to support an appeal. State ex rel. Simeon v. Superior Court for King County, 20 Wash.2d 88, 145 P.2d 1017 (1944).

It is also the law that a party's interest in a declaratory judgment action depends upon the existence of a justiciable controversy between that party and one or more of the other parties in the action. Kleck v. Wayland, 53 Ariz. 432, 90 P.2d 179 (1939); Connolly v. Great Basin Insurance Company, 6 Ariz.App. 280, 431 P.2d 921 (1967); 1 Anderson, Actions for Declaratory Judgments (2d ed.) § 9; 22 Am. Jur.2d Declaratory Judgments § 11. Ordinarily, the factual allegations of the pleadings are determinative of whether this requirement of "justiciable controversy" has been met. Kleck v. Wayland, supra; Hardware Mutual Casualty Company v. Premo, 25 Conn.Sup. 309, 203 A.2d 433 (1964); Patuxent Oil Co. v. County Commissioners, 212 Md. 543, 129 A.2d 847 (1957); 1 Anderson, Actions for Declaratory Judgments (2d ed.) § 258.

Under these tests, it is our view that, if we ever had a "party aggrieved" before this court in this appeal, we no longer do. A careful examination of the pleadings in this action gives no hint of what justiciable controversy may exist between Farmers and any other party to this action. To glean any indication of what Farmers' aggrievement with the judgment below may be, we are relegated to the legal memoranda filed, which indicate that Farmers had issued a policy on the Turner vehicle containing "uninsured motorist coverage." Whether such an interest would be sufficient, if detailed in the pleadings, to support an appealable interest in Farmers is a matter not without doubt. In a roughly analogous situation, at least one court has been unable to find a sufficient interest to support an appeal. See Radunich v. Basso, 235 Cal.App.2d 826, 45 Cal.Rptr. 824 (1965).

But, if we assume, as does the movant, that some type of potential liability against Farmers gave it sufficient interest in this litigation to support an appeal, then it is our view that, when "all claims of both Jensen and Turner against Farmers for uninsured motorist coverage or the liability of Turner were resolved," whatever "aggrievement" Farmers may have had as to this judgment ceased.

The affidavit of counsel for the appellant indicates that "all rights against Worth Insurance owned by Farmers" were reserved in this covenant. Even the wildest speculation as to what may be contained in this uninsured motorist provision in this undisclosed insurance policy does not lead us to believe that Farmers had any "rights against Worth Insurance." Nor do we conceive that it makes any difference, insofar as an appealable interest in Farmers is con-

cerned, that the "rights of the prior defendant Wilson have also been assigned to Jensen and Turner, and are being asserted by Farmers in this Appeal." No authority has been called to our attention to indicate that appeal rights can be thus passed around. We do not believe that the interest of an appellant in an appeal is like a theater ticket that may be transferred from party to party as the convenience of the parties may recommend. An appellant must stand on his own two feet insofar as an appealable interest is concerned. Cf. Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749 (1946).

What is said above is not intended to be in derogation of law that, when a property right affected by a judgment has been transferred pending an appeal, the right of appeal follows the property interest. See, e. g., Early v. Leatherman, 100 Ohio App. 448, 137 N.E.2d 287 (1955); 4 C.J.S. Appeal and Error § 405. However, this is not the situation here. Farmers' liability, whatever it may have been under its policy, has not been assumed by the parties now seeking to prosecute this appeal. What is being attempted, in effect, is to give an appeal to litigants who, insofar as the record now stands, neglected to take a timely appeal from the adverse judgment below. We do not believe that the law permits such circumvention of appellate procedure.

The nonappealing defendants, Turner and Jensen, have previously moved this court to remand this appeal to allow application by them to the trial court to enter an order in appealable form denying the motion for a new trial. Dismissal of this appeal obviates the necessity of ruling upon a pending motion to reconsider our refusal to remand. The trial court's jurisdiction of the case will be restored upon issuance of our mandate and any appropriate applications relative to entry of an appealable order may then be entertained by the trial court.

Appeal dismissed.

HATHAWAY, C. J., and KRUCKER, J., concur.