517 P.2d 1107

**COMPASS REALTY AND INVESTMENT CORPORATION, Appellant,**

v.

**A A REFRIGERATION & HEATING, INC., John W. Hudson and Dorothy Hudson, husband and wife, Appellees.**

**No. l CA–CIV 2035.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 10, 1974.

Rehearing Denied Feb. 7, 1974.

Review Denied March 12, 1974.

Raineri, Jason & Wolf, P. A. by Joseph C. Raineri, Sr., Scottsdale, for appellant.

Shimmel, Hill & Bishop, P. C. by James B. Rolle, III, and Charles W. Herf, Phoenix, for appellees.

## OPINION

HAIRE, Presiding Judge.

Plaintiff-appellee, A A Refrigeration & Heating, Inc. (hereinafter plaintiff) filed its complaint in the Maricopa County Superior Court seeking to recover some $1,711.49 from appellant Compass Realty and Investment Corporation (hereinafter Compass) for certain air conditioning work performed by the plaintiff for Compass. In a separate count of its complaint, plaintiff also sought relief against certain other defendants, John W. Hudson and Dorothy Hudson (hereinafter landlord) for foreclosure of an alleged laborer's and materialmen's lien, or in the alternative for the sum of $1,711.49 upon the theory that the defendant landlord had been unjustly enriched. The plaintiff had performed the air conditioning work upon premises owned by the landlord and leased to the defendant Compass.

The landlord filed a counterclaim against the plaintiff seeking to quiet title to the premises as against the plaintiff's claim of lien.

After discovery consisting of various depositions, interrogatories and requests for admissions, all parties filed motions for summary judgment in connection with the above-mentioned pleadings. The plaintiff sought summary judgment against Compass and against the landlord; Compass sought summary judgment on its answer against the plaintiff; and the landlord sought summary judgment on its counterclaim against the plaintiff so as to quiet title to the landlord's property.

The trial court granted the plaintiff's motion for summary judgment against the appellant, Compass. However, the trial court refused to grant plaintiff any relief against the defendant landlord, but on the contrary, granted the landlord summary judgment against the plaintiff on the quiet title counterclaim. In summary, the plaintiff obtained a judgment against Compass, the party with whom it had contracted for the work, but was not successful in imposing any liability or lien rights against the landlord.

Compass filed a timely notice of appeal from this judgment, naming as appellees both the plaintiff and the landlord. Thereafter, the landlord filed in this Court a motion to dismiss the appeal as to it, pointing out that there had not been any litigation between Compass and the landlord in the trial court, and that the judgment appealed from did not purport to adjudicate any rights between Compass and the landlord. On June 9, 1972, this Court entered its order granting the landlord's motion to dismiss, and, there being no motion for rehearing filed by Compass, that order has now become final.

■ At this point it is well to keep in mind that the *plaintiff* has not appealed from the trial court's judgment denying it relief against the landlord. Therefore, the only issues pertinent to this appeal are those concerning the question of whether the trial court correctly determined that the appellant Compass was liable to the

plaintiff. Based upon the record presented to the trial court, it is our opinion that it could not have reached any other result. The uncontroverted facts show that the general manager of Compass entered into a written contract with plaintiff for the services and materials rendered. There is no contention that the contract was not satisfactorily performed by the plaintiff. The only contention raised by appellant on appeal is that because of a provision in its lease with the landlord, the *landlord* should have been held liable to plaintiff. Even if we assume the correctness of this contention, this does not in any way diminish the plaintiff's rights against its contracting debtor, Compass. Here the facts show that it was Compass who contracted with plaintiff for air conditioning services; that the plaintiff did not know that Compass was a lessee; did not know of the existence of any lease provisions between Compass and the landlord; and was not told of any of these facts by Compass. The arrangements between plaintiff and Compass were made and consummated without any involvement whatsoever of the landlord. Simply stated, the landlord was not a party to the transaction. Under these facts, the plaintiff was certainly entitled to judgment against Compass, and Compass' liability to plaintiff would have remained the same even if the plaintiff had also been successful in its litigation against the landlord.

We have previously stated, and we again emphasize that the judgment involved in this appeal does not purport to adjudicate any claims which the appellant Compass might have had against the defendant landlord by reason of the landlord's alleged violation of the lease provisions. Prior to the time the trial court ruled on the motion for summary judgment on December 16, 1971, Compass had not attempted to allege any cross-claim over against the defendant landlord in this regard. We do note from the record that on December 22, 1971, following the trial court's granting of summary judgment, Compass filed a motion seeking permission to amend its answer so as to assert a cross-claim against the defendant landlord. That motion was denied by minute entry order dated January 7, 1972, but Compass has failed to raise on this appeal any issue concerning the denial of that motion.

Notwithstanding the foregoing, Compass in its reply brief filed in this Court urges that inasmuch as it appealed from the *entire* judgment, it has the right to urge on appeal that the *plaintiff* should have been awarded judgment against the landlord. This contention is completely without merit. Rule 73(a), Rules of Civil Procedure, 16 A.R.S., provides as follows:

"A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. The appeal may be taken by any party aggrieved by such judgment or order."

Under the above-quoted rule, only a "party aggrieved" may take an appeal. While Compass was undoubtedly a "party aggrieved" insofar as concerns that portion of the judgment entered against it, it is not a party aggrieved insofar as concerns that portion of the judgment which denied certain rights *claimed by the plaintiff against the defendant landlord.* Mere disappointment with a particular result does not constitute aggrievement sufficient to support an appeal. There must be some substantial grievance—a denial of some personal or property right or the imposition of a substantial burden. Farmers Insurance Group v. Worth Insurance Co., 8 Ariz.App. 69, 443 P.2d 431 (1968). Here, the alleged rights asserted by Compass in this appeal belong solely to the plaintiff, and the plaintiff has elected not to pursue them further. The judgment against the plaintiff and in favor of the landlord does not purport to adjudicate whatever rights Compass as a lessee might have had against the landlord. As we have previously stated, those rights, if any, had not been asserted in the trial court at the time the trial judge ruled on the motions for summary judgment here involved, and the

appellant has not urged error nor presented any argument in this Court concerning the trial court's subsequent denial of its motion requesting permission to file a cross-claim against the landlord. In any event, the landlord is no longer a party to this appeal.[1]

The appellee-plaintiff in its answering brief filed herein characterizes Compass' opening brief as having gone "to considerable effort to interject irrelevant and scurrilous issues in this appeal" and further that the disputes raised by Compass between itself and its landlord "are simply camouflage and obfuscate the single, simple, germane issue before this court, *e. g.*, is Compass liable under its written agreement with [plaintiff] for labor and materials provided to correct a defective air conditioning unit [at premises occupied by Compass]." We agree with the appellee, and in our opinion the appellee herein is entitled to an award of damages against Compass for a frivolous appeal pursuant to the provisions of A.R.S. § 12–2106. Regardless of any rights which Compass might have had against its landlord, there has never been any semblance of a meritorious defense asserted against the plaintiff's claim. Not only has plaintiff been subjected to the expense of filing and prosecuting its claim in the trial court, but once having obtained a judgment in that court, plaintiff has now been subjected to the expense and delay necessarily incident to an appeal from that judgment—all as previously stated without any semblance of a meritorious defense being available to the appellant.

The judgment is affirmed and, in addition thereto, the appellee A A Refrigeration & Heating, Inc. is hereby awarded damages for a frivolous appeal against the appellant Compass Realty and Investment

Corporation in the amount of $171.15, the maximum amount allowable under the provisions of A.R.S. § 12–2106.

JACOBSON, C. J., Division 1, and EUBANK, J., concur.

---

[1]. A memorandum filed in the trial court indicates that at a very early stage in the proceedings the trial judge indicated to counsel for appellant that a cross-claim against the landlord might be appropriate. The action was filed in October 1970, and was initially set for trial on May 25, 1971. However, counsel waited until December 22, 1971 to file his motion. On that date, all issues raised by the pleadings had been disposed of by the trial court's rulings on the motions for summary judgment.