541 P.2d 567

Robert A. CHAMBERS, a minor, by and through his guardian ad litem, William Boyd Chambers, Appellant,

v.

UNITED FARM WORKERS ORGANIZING COMMITTEE, AFL–CIO, an unincorporated association, et al., Appellees.

No. 1 CA–CIV 2591.

Court of Appeals of Arizona,
Division 1,

Department B.

Oct. 28, 1975.

Jennings, Strouss & Salmon by Robert L. Johnson, Phoenix, for appellant.

James M. Rutkowski and Langerman, Begam, Lewis, Leonard & Marks, P. A. by Robert G. Begam, Phoenix, for appellees.

## OPINION

JACOBSON, Presiding Judge.

Is a "winning" plaintiff an "aggrieved party" entitled to appeal a portion of a judgment in his favor? This is the basic issue raised by this appeal.

Plaintiff-appellant, Robert A. Chambers, originally filed a complaint containing two counts against several defendants, including appellee, United Farm Workers Organizing Committee, AFL–CIO (UFWOC). Count one of the complaint sought to declare an exclusive hiring hall clause in a union contract entered into between the UFWOC and Freshpict Foods, Inc., a per se violation of Arizona's constitutional and statutory "right to work" laws. (Article XXV, Arizona Constitution and A.R.S. § 23–1301 et seq.) Count two of the complaint alleged actual discrimination against himself in connection with the exclusive hiring hall provision. Chambers sought injunctive relief and damages under both counts, together with declaratory relief under count one.

On cross motions for summary judgment the trial court dismissed count one of Chambers' complaint and denied UFWOC's motion to dismiss count two of the complaint. The matter proceeded to trial on count two. Following trial, a judgment was entered in Chambers' favor, awarding him $180 compensatory damages and $500 as punitive damages. In addition, UFWOC

was enjoined from enforcing the hiring hall provision contained in the Freshpict contract against Chambers or enforcing such a provision against Chambers in any collective bargaining agreement hereafter entered into by the UFWOC.

Chambers appealed the trial court's dismissal of count one of his complaint, contending he is entitled to a declaration that the hiring hall clause is illegal per se and also contending that the amount of punitive damages awarded was insufficient.

Appellee UFWOC challenged Chambers' right to appeal by a motion to dismiss filed on January 22, 1974. In its motion, appellee maintained that inasmuch as appellant Chambers had received the injunctive and monetary relief which had been requested, he was not an "aggrieved party" under Rule 73(a), Ariz. Rules of Civil Procedure, 16 A.R.S. After reading the arguments of counsel, this court denied appellee's motion without prejudice and advised counsel to reargue the issue in their briefs.

On September 5, 1975, a second motion to dismiss the appeal was filed by appellee. In this motion appellee argued that the case is moot because the contract involved in the litigation has expired and there are no renewal negotiations in progress. This motion was taken under advisement and is still pending.

Both of UFWOC's motions to dismiss go solely to the propriety of Chambers' appeal from the dismissal of count one of his complaint, UFWOC conceding that Chambers is properly before this court on the issue of the amount of punitive damages. Thus we are initially faced with whether Rule 73(a), Rules of Civil Procedure deals strictly with the right to present an appeal to this court or whether it also deals with the right to present issues on appeal to this court. We are of the opinion it affects both. Rule 73(a), Rules of Civil Procedure, provides:

"A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. *The appeal may be taken by any party aggrieved by such judgment or order.*" (emphasis added).

■ Under Rule 73(a) we believe the correct rule to be that stated in 4 C.J.S. Appeal & Error § 183, p. 565:

"However, a party who is aggrieved by only one part of a judgment or decree cannot by appeal question another part which has no bearing or effect upon his rights or interests; he can complain of only such parts of the judgment or decree as affect him."

■ We therefore hold that while Chambers may be properly before this court, UFWOC may question his right to appeal a portion of the judgment sought to be reviewed.

We turn then to UFWOC's motions to dismiss that portion of Chambers' appeal dealing with the dismissal of count one of his complaint.

■ UFWOC's motions raise issues of standing and mootness which are in our opinion, related concepts used in analyzing this basic question: Is an adversary contest before the court such that the court in rendering a decision will not be giving a merely advisory opinion? "Standing" focuses on the parties and requires that each party possess an interest in the outcome of the litigation. "Mootness" is applied more to the issues involved and as a general rule requires that opinions not be given concerning issues which are no longer in existence because of changes in the factual circumstances. The concepts are inter-related. For example, where a question is moot, standing or interest in the outcome is also lacking since any decision rendered will have no effect on the outcome of a moot issue. In the realm of appellate jurisdiction the concept of standing is expressed in the "aggrieved party"

requirement of Rule 73(a), Arizona Rules of Civil Procedure, 16 A.R.S.

The general rule in the United States is that a party who has obtained full relief in a judgment is not entitled to appeal for the purpose of attacking a finding on a specific issue made by the trial court. *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). An exception may exist where an adverse finding which is made a part of the judgment is likely to have collateral estoppel or res judicata effects detrimental to the party who obtained judgment. *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 74 S.Ct. 414, 98 L.Ed. 532 (1954).

In Arizona, a party to the action may not appeal from a judgment or order unless he is "aggrieved" by the judgment or order. *Burmister v. City of Prescott*, 38 Ariz. 66, 297 P. 443 (1931); *Keystone Copper Mining Co. v. Miller*, 63 Ariz. 544, 164 P.2d 603 (1945); *In re Roseman's Estate*, 68 Ariz. 198, 203 P.2d 867 (1949); *Britz v. Britz*, 95 Ariz. 247, 389 P.2d 123 (1964). Rule 73(a), Rules of Civil Procedure, 16 A.R.S.

If no aggrieved party is before it, the court is without jurisdiction. *Christian v. Cotten*, 1 Ariz.App. 421, 403 P.2d 825 (1965). Dismissal is required for lack of an aggrieved party. *In re Estate of McCabe*, 11 Ariz.App. 555, 466 P.2d 774 (1970). The fact that the trial court may have failed to make specific findings or conclusions on an issue will not in itself make a party "aggrieved". *Keystone Copper Mining Co. v. Miller, supra.* A court's ruling which is favorable to a party may not be appealed by that party even though the ruling is clearly erroneous. *Britz v. Britz, supra.* The circumstance that a court rules in favor of a party for the wrong reasons does not give grounds for appeal. *Aegerter v. Duncan*, 7 Ariz.App. 239, 437 P.2d 991 (1968). "Mere disappointment" in a ruling will not make a party aggrieved; "substantial grievance" is required. *Compass Realty & Inv. Corp. v. AA Refrig. & Heat. Inc.*, 21 Ariz.App. 214, 517 P.2d 1107 (1974).

Under the Arizona cases, as indicated, the grievance must be more than mere dissatisfaction with the state of the law which results from the judgment. The Arizona Supreme Court has stated:

"We have heretofore held that to be a party aggrieved there must be a denial of some personal or property right to the party by the decree, and such denial must come as a direct result of the decree, *and not merely as a result in some other proceeding of the application of a legal principal established in the decree appealed from.*" (emphasis added) *In re Roseman's Estate*, 68 Ariz. 198, 200, 203 P.2d 867, 868 (1949).

These requirements were reiterated in *Farmers Insurance Group v. Worth Insurance Co.*, 8 Ariz.App. 69, 443 P.2d 431 (1968). Judge Molloy stated:

"In order to have an appealable interest in a judgment, the judgment must operate, by its own force, on the property rights of such person, or bear directly upon one or more of his personal interests; there must be a substantial grievance—a denial of some personal or property right or the imposition of a substantial burden or obligation." 8 Ariz. App. at 71, 443 P.2d at 433.

In the case before us, then, Chambers must be more than merely dissatisfied with the fact that Freshpict and the UFWOC can still legally enter into contracts containing hiring hall clauses which will affect persons other than Chambers. He must, under our caselaw, himself be personally and substantially aggrieved by the trial court's dismissal of count one. One way of approaching the question is to determine whether a decision by this court that count one was improperly dismissed would in any way change Chambers' current position under the standing judgment. An examination of the judgment, decree

and injunction and of the findings of fact incorporated therein indicates that nothing this court may decide as to the "per se violation" will affect Chambers to any degree.

In the judgment, the trial court enjoined appellees from enforcing against Chambers the precise hiring hall clause in question now or in any future contracts. In addition, appellees may not now or in the future enforce against Chambers *any* clause which has the same tenor and effect. In addition, the trial court ruled in finding of facts number 11 and 12, the following:

"11.

"The events hereinabove described, and the actions of the individual defendants as agents of defendant UFWOC, were in violation of the rights of the plaintiff as a citizen of the State of Arizona, under the Arizona Right to Work Laws, and the said plaintiff has been damaged and will continue to sustain damage, by reason of defendants' actions.

"12.

"The said collective bargaining agreement between defendant Freshpict and defendant UFWOC on its face and as administered by said defendants, violates right of the plaintiff to work, as guaranteed to him under the Arizona Constitution and the Arizona Revised Statutes cited above."

The above findings were modified, however, in an order filed June 11, 1973 by the following language:

"Any statement express or implied that the contract is discriminatory on its face is amended to read that the contract, on its face, tends to chill the exercise by workers of their rights under the Arizona Right to Work Law."

Even as modified, the findings along the judgment, decree and injunction seem to afford Chambers all the relief which he personally can obtain. No decision of this court could render Chambers any more immune to a hiring hall clause administered by the UFWOC than he is under the standing judgment. This court therefore concludes that Chambers is not "aggrieved" by the judgment insofar as it dismissed count one of his complaint.

Having determined that this court may not review that portion of the judgment dealing with dismissal of count one of his complaint because of Chambers' lack of standing, UFWOC's motion to dismiss that portion of the appeal is granted. By reason of this dismissal we do not reach the issues raised by UFWOC's motion to dismiss because of mootness.

We then turn to the only justiciable issue raised by the appeal—the amount of punitive damages. Chambers' basic contention is that the award of $500 in punitive damages does not have the salutory effect to "penalize the wrongdoer sufficiently to prevent a repetition of the prohibited conduct."

It is the general rule that awarding of punitive damages and their amount is properly left in the discretion of the trial court. *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972). This discretion when exercised will only be overturned when the award is so grossly disproportionate as to shock the conscience of the court. *Pumphrey v. Dynek*, 10 Ariz.App. 241, 457 P.2d 954 (1969).

It would unduly lengthen this opinion to state in detail the evidence from which this court could conclude that the trial court did not abuse its discretion in the amount of punitive damages awarded. Suffice it to say there is evidence that the discrimination occurring against Chambers was probably an isolated instance which should not subject UFWOC to larger punitive damages.

The judgment of the trial court on the issue of punitive damages is affirmed.

EUBANK, J., and HAIRE, C. J., Division 1, concur.