NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PERRY BOSER, individually and on behalf of THERESA DANNIELLE
BOSER, deceased, and on behalf of all statutory beneficiaries,
*Plaintiffs/Appellee*,

*v.*

JASON LEE WARE, *Defendant/Appellant*.

No. 1 CA-CV 15-0127
FILED 12-8-2016

---

Appeal from the Superior Court in Maricopa County
No. CV 2011-007329
The Honorable Randall H. Warner, Judge

**DISMISSED FOR LACK OF JURISDICTION**

---

COUNSEL

Jason Lee Ware, Tucson
*Defendant/Appellant*

Goldberg & Osborne, Phoenix
By Allen D. Bucknell
*Counsel for Plaintiffs/Appellees*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1 Jason Lee Ware appeals the civil court's authorization for release of a bond posted by Nicole Silvey on Ware's behalf in a criminal case to satisfy a judgment against Ware in a related civil action filed by Perry Boser (Boser). For the following reasons, we dismiss this appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Ware killed Theresa Boser in an auto accident. As a result, Ware was charged with manslaughter and endangerment. Silvey, Ware's sister, posted a $150,000 cash bond for Ware's release while his trial was pending.

¶3 Thereafter, Boser, the surviving spouse of Theresa Boser, filed a wrongful death action against Ware. After Ware failed to answer the complaint and otherwise comply with discovery requirements, a default judgment was entered against Ware in the wrongful death case. Boser was subsequently awarded over three million dollars in damages in the wrongful death case.

¶4 Boser requested release of the bond posted in Ware's criminal case to satisfy part of the judgment in the wrongful death case. The superior court judge in the criminal action held Boser's request in abeyance to be determined by the judge in the related wrongful death case (Judge Warner). Boser then filed a request for release of the bond in the wrongful death case, alleging that because Silvey "testified that she received this [bond] money from Mr. Ware's settlement," the bond was the property of Ware and should be assigned to Boser to satisfy the civil judgment.

¶5 Judge Warner initially denied Boser's request, stating that "[a]s just as it may seem to simply take money belonging to [Ware] and transfer it to [Boser] in partial satisfaction of the substantial judgment, the court is unaware of any law or rule that authorizes it to do this." The court

further opined that "the way to collect funds in the hands of one person that belong to another to satisfy a judgment is garnishment."

**¶6** Eight months later, Boser filed a motion to reconsider. Boser explained that he attempted to garnish the bond by serving a writ of garnishment on the Clerk of the Court as suggested by Judge Warner, but that he had been unable to collect the funds. Judge Warner granted Boser's motion to reconsider, explaining that he had "not found any procedure in Arizona law by which to determine what should happen to this cash bond." Judge Warner ruled that "[i]n absence of anything in statute or rule, the court will issue this order to show cause so that each person claiming a right to the cash bond has notice and an opportunity to be heard." The court's order to show cause obligated Ware and Silvey to "show cause why the bond should not be released to [Boser]."

**¶7** At the show cause hearing, Ware and Silvey testified Ware gifted Silvey $150,000 and the money belonged to her; the court, however, did not find their testimony credible. The court concluded the $150,000 cash bond "was posted by Mr. Ware's sister, Nicole Silvey, but the funds used belonged to Mr. Ware," and ordered the Clerk to release the bond to Boser. Ware timely appealed.

## DISCUSSION

**¶8** On appeal, Ware argues Judge Warner lacked jurisdiction to conduct proceedings related to the disposition of the bond, and abused his discretion in making findings regarding the ownership of the bond monies. Ware requests we declare the civil court order "null and void," and return the bond money to Silvey.

**¶9** This court has an obligation to determine whether it has jurisdiction to hear a matter before it. *Ariz.-Am. Water Co. v. Ariz. Corp. Comm'n*, 209 Ariz. 189, 190, ¶ 5 (App. 2004). An appellant must be aggrieved for this court to have jurisdiction. ARCAP 1(d); *see In re Roseman's Estate*, 68 Ariz. 198, 200 (1949). Absent an aggrieved appellant, dismissal is required. *Chambers v. United Farm Workers Org. Comm., AFL–CIO*, 25 Ariz. App. 104, 107 (1975) (citing *In re Estate of McCabe*, 11 Ariz. App. 555, 556 (1970)); accord *Kondaur Capital Corp. v. Pinal Cty.*, 235 Ariz. 189, 192, ¶ 6 (App. 2014); *Farmers Ins. Grp. v. Worth Ins. Co.*, 8 Ariz. App. 69, 71 (1968).

**¶10** Mere dissatisfaction with the result of a judgment is insufficient to constitute aggrievement for jurisdictional purposes. *Chambers*, 25 Ariz. App. at 107. An appellant is only aggrieved by a judgment when "it denies that party some personal or property right or

imposes on that party some substantial burden or obligation." *Kerr v. Killian*, 197 Ariz. 213, 216, ¶ 10 (App. 2000). The impact to the appellant must be direct, substantial, and immediate. *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 221 Ariz. 104, 108, ¶ 7 (App. 2009) (citation omitted).

**¶11** Ware contends the $150,000 bond money was the property of Silvey, and the court erred in failing to characterize it as such. However, in doing so, Ware effectively conceded he was not the aggrieved party because he has not been denied a personal or property right. Without an injury resulting from the judgment, Ware is not entitled to appeal.

## CONCLUSION

**¶12** For the reasons stated above, we dismiss Ware's appeal.



AMY M. WOOD • Clerk of the Court
FILED: AA