NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ADAM DAVEY, *Petitioner/Appellee*,

*v.*

EMILY ROBERTS, *Respondent/Appellant*.

No. 1 CA-CV 24-0304 FC

FILED 12-19-2024

Appeal from the Superior Court in Maricopa County
No. FC2020-006955
The Honorable Max Covil, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Adam Davey, Chandler
*Petitioner/Appellee*

Modern Law PLLC, Mesa
By Kylie Bigelow
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

**F U R U Y A**, Judge:

**¶1** Emily Roberts ("Mother") appeals from the superior court's order amending its Order for Legal Decision-Making, Parenting Time and Child Support concerning Adam Davey's ("Father") legal decision-making authority and parenting time in light of the court's finding of his significant history of domestic violence. For the following reasons, we dismiss in part and affirm in part.

## FACTS AND PROCEDURAL HISTORY

**¶2** The relationship between Mother and Father lasted from June 2016 to October 2020. During that time, they had two minor children. Father moved out of their shared residence when the relationship ended and did not see the children for the two months immediately following the separation. In November 2020, Father filed his petition to establish legal decision making, parenting time and child support. After two months' separation and while proceedings were taking place, Father was not consistently seeing his children.

**¶3** Mother alleges multiple instances of domestic violence by Father throughout the course of their relationship. The court considered Father's conviction for property damage as a domestic violence offense in 2019, police reports by both Mother and Father, medical reports suggesting Father was abusive to Mother, and Mother's own testimony of abuse in accordance with Arizona Revised Statutes ("A.R.S.") § 25-403.03(C).

**¶4** The court awarded sole legal decision-making to Mother and equal parenting time to both Mother and Father with conditions. Mother moved to amend the order, arguing the court had failed to properly characterize Father's past abuse of Mother as "significant domestic violence," wrongly awarded Father equal parenting time without conducting an A.R.S. § 25-403.03(F) analysis, and failed to allocate sufficient time to Mother for full presentation of her case. In response to this motion, the court amended its order to reflect that Father had a significant history of domestic violence and, among other things, conducted an A.R.S. § 25-

403.03(F) analysis as to parenting time, but did not alter its ultimate orders awarding Mother sole legal decision-making and equal parenting time with conditions. Mother timely appealed from the amended order.

## DISCUSSION

### I. We Lack Jurisdiction to Address Mother's Appeal of the Court's Amended Order as to Legal Decision-Making Because Mother is Not an Aggrieved Party Regarding This Issue.

¶5 "In Arizona, a party to the action may not appeal from a judgment or order unless [s]he is aggrieved by the judgment or order." *Chambers v. United Farm Workers Org. Comm., AFL-CIO*, 25 Ariz. App. 104, 107 (1975) (internal quotation omitted). "If no aggrieved party is before it, the court is without jurisdiction" and dismissal is required. *Id.* Even where a ruling is clearly erroneous or otherwise rules in favor of a party for unwanted or wrong reasons, this does not create grounds for appeal. *Id.* Instead, "[f]or appellant to qualify as an aggrieved party, the judgment must operate to deny her some personal or property right or to impose a substantial burden upon her." *Matter of Gubser*, 126 Ariz. 303, 306 (1980).

¶6 Here, Mother appeals the court's legal decision-making ruling, not because she challenges the relief granted, but because she disagrees with the court's analysis of A.R.S. § 25-403.03 in reaching its result. The court awarded Mother sole legal decision-making with no qualifications or conditions. In other words, she received exactly the legal decision-making authority that she requested. She cannot demonstrate denial of any personal right or substantial burden that the court's legal decision-making order imposed on her. *Matter of Gubser*, 126 Ariz. at 306. Therefore, she is not "aggrieved" by the judgment, and we are without jurisdiction to review Mother's argument regarding the court's legal decision-making order. *Chambers,* 25 Ariz. App. at 107. We dismiss Mother's appeal as to this issue.

### II. The Court Did Not Abuse Its Discretion When It Awarded Shared Parenting Time to Father.

¶7 Mother argues the court improperly applied A.R.S. § 25-403.03(F) regarding shared parenting time with Father, an issue which we review for an abuse of discretion. *See Vincent v. Nelson,* 238 Ariz. 150, 155 ¶¶ 16–17 (App. 2015) (involving legal decision-making and parenting

time).[1] The court abuses its discretion when it commits an error of law or when the record "is devoid of competent evidence to support the court's decision." *Woyton v. Ward*, 247 Ariz. 529, 531 ¶ 5 (App. 2019) (citations omitted). "A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Dep't of Revenue,* 206 Ariz. 480, 482 ¶ 9 (App. 2003). Further, it is not our function to reweigh the evidence presented at trial, so we defer to the court's determinations of witness credibility and weight given to conflicting evidence. *Lehn v. Al-Thanayyan,* 246 Ariz. 277, 284 ¶ 20 (App. 2019).

**¶8**      The court's finding that Father has a significant history of domestic violence placed the burden on Father "of proving to the court's satisfaction that parenting time will not endanger the [children] or significantly impair the [children's] emotional development. A.R.S. § 25-403.03(F). The court found that Father satisfied this burden and awarded him parenting time. But because of Father's significant history of domestic violence, the court was also required to apply subsection F to impose conditions on parenting time that best protect the children and Mother from further harm. A.R.S. § 25-403.03(F). This includes "any other condition that the court determines is necessary to protect the child, the other parent and any other family or household member." A.R.S. § 25-403.03(F)(9). Our review of the record shows that the court's conditions meet these requirements based on substantial evidence.

**¶9**      Substantial evidence supports both the court's award of shared parenting time and the conditions imposed. *See Woyton*, 247 Ariz. at 531 ¶ 5. Discerning no abuse of discretion, we affirm the court's order regarding parenting time.

### III.    Mother Received Adequate Time to Present Her Case.

**¶10**      Mother argues the court violated her due process rights when it denied her request for extended time in which to present her case. Generally, due process claims are issues of law we review de novo. *Mack v. Cruikshank,* 196 Ariz. 541, 544 ¶ 6 (App. 1999). However, the court has broad

---

[1]    Father has not filed an answering brief. Because this appeal involves the children's best interests, we decline to treat Father's failure to file an answering brief as an implied confession of reversible error. *See Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966) (stating that when children are involved, a mandatory-confession-of-error rule would not "serve the ends of justice"); *see also Hays v. Gama*, 204 Ariz. 99, 102 ¶ 18 (2003) (citing *Hoffman* with approval).

discretion to impose reasonable time limits for proceedings. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 90–91 ¶ 29 (App. 1998). And to successfully challenge the court's time limitations, appellants must show an abuse of discretion and resulting prejudice. *Id.* at 91 ¶ 30. True, the court's discretion to set time limits in trial must still be exercised consistent with the requirements of due process, which include the parties' right to have "a reasonable opportunity to present testimony." *Volk v. Brame,* 235 Ariz. 462, 466 ¶ 14 (App. 2014). But time limits do not offend due process unless "it becomes apparent that the court lacks sufficient time to receive adequate testimony . . . to perform its essential tasks." *Id.* at 468 ¶ 21.

**¶11** Here, the record reflects Mother and Father received similar time to present evidence, testimony, and witnesses. In fact, the court allowed Mother an extra 25 minutes to present her case. Both parties had a meaningful opportunity to present their evidence and arguments to the court. We hold the court did not abuse its broad discretion over the timing of these proceedings.

## CONCLUSION

**¶12** We dismiss Mother's appeal of the court's legal decision-making order for lack of jurisdiction. We affirm as to all remaining issues. Because she is not the prevailing party, we deny Mother's request for reimbursement for her costs. In our discretion, we also deny Mother's request for attorneys' fees on appeal. *See* A.R.S. § 25-324(A); § 25-415(A)(2).

