.
NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO W.P. and W.P.

No. 1 CA-JV 25-0166

FILED 05-22-2026

---

Appeal from the Superior Court in Maricopa County
No. JD36129
The Honorable Pamela Gates, Judge

**APPEAL DISMISSED**

---

COUNSEL

Center for the Rights of Abused Children, Phoenix
By Tom Jose, Timothy D. Keller, Logan Nuttall
*Counsel for Appellants Ian & Sara Peterson*

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellee Justin L.*

Denise L. Carroll, Scottsdale
*Counsel for Appellee Mother Caitlyn P.*

Arizona Attorney General's Office, Phoenix
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

**¶1**        Intervenors Ian and Sara Peterson purport to appeal from an order denying a motion to terminate the parental rights of Justin L. and Caitlyn P. (Parents) to their twins. Parents move to dismiss the appeal for lack of jurisdiction, arguing the Petersons are not aggrieved parties. Because this court lacks appellate jurisdiction, the court grants that motion and dismisses the appeal.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The twins were born in July 2023. The Department of Child Safety (DCS) almost immediately took them into custody and filed a dependency petition, alleging substance abuse and other grounds. The twins were placed in the physical custody of the Petersons, where they apparently remain today as dependent children. In February 2025, after Parents had re-engaged in services and DCS withdrew a motion to terminate, the Petersons moved to intervene. In March 2025, the court permitted the Petersons to intervene "for purposes of discussing placement and visitation." Meanwhile, counsel for the twins filed a motion to terminate. In October 2025, the court denied that motion without prejudice. The Petersons then filed a timely notice of appeal from that denial.

**DISCUSSION**

**¶3**        Parents moved to dismiss the appeal, arguing the Petersons are not aggrieved by the October 2025 order and, therefore, have no right to appeal. *See* Ariz. R.P. Juv. Ct. 601(a). In its answering brief, DCS also argues this court should dismiss the appeal. In seeking to appeal, the Petersons have the burden to show appellate jurisdiction. *Jessicah C. v. Dep't of Child Safety*, 248 Ariz. 203, 205 ¶ 9 (App. 2020).

**¶4**        Only an "aggrieved party" may appeal from a final order in a juvenile proceeding. Ariz. R.P. Juv. Ct. 601(a); A.R.S. § 8-235(A). To be an aggrieved party, the final order being challenged must deny "the party a personal or property right or imposes a substantial burden on the party." Ariz. R.P. Juv. Ct. 601(a); *Jewel C. v. Dep't of Child Safety*, 244 Ariz. 347, 349 ¶ 3 (App. 2018) (citing cases). Here, the Petersons argue they were aggrieved because the October 2025 order "placed a substantial burden on their ability to adopt" the twins.

**¶5**        The Petersons, who wish to adopt the twins, undoubtedly are disappointed with the October 2025 order. However, the Petersons acknowledge that they have no right to adopt children placed with them. *See* A.R.S. § 8-530. Nor have they cited any authority showing that an order denying a motion to terminate parental rights is a substantial burden on the placement of children who wish to adopt them if termination had been granted.

**¶6**        The Petersons argue the October 2025 order imposes "independent consequences" on them, citing *In re G.R.*, 255 Ariz. 444 (App. 2023). In finding appellate jurisdiction, *In re G.R.* addressed the collateral consequences of a dependency finding, which can disqualify a parent from certain benefits. 255 Ariz. at 447 ¶¶ 15-16. Here, however, there are no such collateral consequences for the Petersons as a result of the October 2025 order. As this court noted in a different context, "'[m]ere disappointment' in a ruling will not make a party aggrieved." *Chambers v. United Farm Workers*, 25 Ariz. App. 104, 107 (1975); *cf. Jewel C.*, 244 Ariz. at 350 ¶ 7 (holding intervenor was not an "aggrieved party" entitled to appeal change of placement).

**¶7**        The Petersons have not shown that they are aggrieved parties entitled to appeal from the October 2025 order. Given the fact-intensive nature of their arguments, in the exercise of its discretion, the court declines the Petersons' alternative request that this court treat their putative appeal

as a petition seeking special action review. *See* Ariz. R.P. Spec. Act. 11(e), 12 (a).

**CONCLUSION**

¶8        The motion to dismiss is granted and the appeal is dismissed.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR