NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RUSSELL PICCOLI, P.L.C., *Petitioner/Appellee,*

*v.*

FRANCIS E. O'DONNELL, JR., a married man; KATHLEEN M.
O'DONNELL, as Trustee, *Defendants/Appellants.*

No. 1 CA-CV 14-0369
FILED 8-20-2015

Appeal from the Superior Court in Maricopa County
No. CV2012-013260
The Honorable Katherine M. Cooper, Judge

**APPEAL DISMISSED**

COUNSEL

Russell Piccoli, P.L.C., Phoenix
By Russell Piccoli
*Counsel for Petitioner/Appellee*

Gaona Law Firm, Phoenix
By David F. Gaona
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1          This appeal evolves from extensive and lengthy litigation beginning in Missouri in 2008 when Kathleen E. O'Donnell ("Katie") sued Francis E. O'Donnell, Jr. ("Frank") for divorce. Ancillary litigation related to several trusts arose in Arizona court in 2009, the facts of which are described at length in this court's memorandum decision in *In re The Francis E. O'Donnell, Jr., Irrevocable Trust #1 to #10 ("Francis E. O'Donnell")*, 1 CA-CV 11-0261, 2013 WL 709650 (Ariz. App. Feb. 26, 2013). In the instant matter, Frank and Kathleen M. O'Donnell (collectively, "Appellants") appeal the superior court's judgment confirming a partial arbitration award ordering Katie to pay twenty-three percent of any recovery she obtains from a civil case (Maricopa County Superior Court Case No. CV2010-000257) and/or from a group of trusts (the Francis E. O'Donnell, Jr., Irrevocable Trusts Nos. 1-10 or the Francis E. O'Donnell Descendants Trust (collectively, "the Trusts")) to Russell Piccoli, P.L.C. ("Appellee") as a result of legal fees incurred by Katie. Katie does not challenge this judgment on appeal. Because neither Appellant is an aggrieved party, we dismiss this appeal for lack of jurisdiction.

**FACTS AND PROCEDURAL HISTORY**

¶2          Frank and Katie wed in 1990. The day before the marriage and in the several months that followed, Frank established the Trusts with Kathleen M. O'Donnell ("Trustee"), Frank's sister, as Trustee. Throughout the marriage, the Trusts were managed in a way that allowed Frank to transfer assets earned or acquired during marriage into the Trusts. Katie filed for divorce in Missouri in 2008. As of the date of briefing in this appeal, the divorce action was still pending.

¶3          After filing for divorce, Katie attempted to join Trustee in the divorce action, but the Missouri court ultimately denied the request. In its ruling, the Missouri court referred the determination of "trust-related issues" to Arizona as the principal place of administration because Trustee

resided in and administered the Trusts from Arizona. Meanwhile, Trustee filed a petition for determination of trust matters in Arizona probate court, requesting that court determine whether Katie was a beneficiary under the terms of the Trusts and whether Trustee had breached any fiduciary duties owed to Katie.

¶4        Katie and the Mariscal Weeks law firm (and later by assignment to Appellee; collectively, "the Firm") entered an agreement for the Firm to provide legal services to Katie related to her interest in the Trusts and in a civil action (CV2010-000257) alleging trust administration misconduct. Katie signed the first fee agreement with the Firm on June 15, 2009, and a modification was executed on March 12, 2010. In the modification, the Firm's hourly billable rate was reduced by fifty percent, and a contingency entitling the Firm to twenty percent of anything Katie recovered flowing from the Trusts, either directly or indirectly or as a result of breach of duty claims, was added.[1]

¶5        The Firm filed CV2010-000257, alleging several tort claims on Katie's behalf. That civil action was consolidated with Trustee's filing in probate court.[2] The probate court stayed the civil action pending the outcome of Trustee's declaratory request and the Missouri divorce action.

¶6        Katie was not timely in payments to the Firm, and pursuant to the modified fee agreement, the dispute was arbitrated. A partial arbitration award was entered by an arbitrator on June 19, 2012, ordering Katie to pay $163,642.37 in fees and classifying the award as "a marital debt within the purview of Missouri law." On August 30, 2012, the Firm filed suit, naming as defendants Katie, Frank, Trustee, and the Trusts, and requesting enforcement of the arbitration award against Katie only and a declaratory judgment as to all parties that the legal fees owed constituted marital debts that could be paid out of any assets classified as marital assets

---

[1]        The modified fee agreement also permitted the Firm to increase its contingency recovery by one percent for each ninety-day period Katie was in arrears in payment, resulting in the twenty-three percent ultimately awarded to the Firm.

[2]        The probate court issued a judgment containing detailed findings of fact related to the characterization of the Trusts' assets as marital assets. Frank and Trustee appealed the judgment, and in a memorandum decision, this court affirmed the probate court's judgment and findings. *See Francis E. O'Donnell*, 1 CA-CV 11-0261, 2013 WL 709650, at *3, 11, ¶¶ 13, 48.

resulting from the probate action, subject to any further order of the Missouri court in the divorce proceeding.

¶7          The Firm filed a motion for summary judgment, and in a signed minute entry filed April 18, 2013, the superior court (1) granted the Firm's motion for summary judgment, (2) certified the June 19, 2012 partial arbitration award as a final judgment pursuant to Rule 54(b), Ariz. R. Civ. P., and (3) issued a declaratory judgment that (a) Katie incurred that debt during her marriage to Frank, (b) the legal fees awarded and to be awarded through arbitration were a marital debt within the purview of Missouri law, and (c) all related judgments in favor of the Firm could be satisfied out of assets found to be marital assets by the probate court's previous judgment, subject to any further order of the Missouri court in the divorce proceeding. Frank and Trustee timely appealed the summary judgment, and this court recently issued an opinion affirming that judgment in *Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 344 P.3d 345 (App. 2015).

¶8          Meanwhile, on January 16, 2014, the arbitrator determined the Firm was "entitled to 23 percent of any recovery flowing to [Katie] as a result of the affirmative action [CV2010-000257] and/or from the subject trusts." The Firm filed a motion for the superior court to confirm the second award. Appellants opposed the motion and Katie joined their response, arguing that Arizona Revised Statutes section 12-3023(A)(3)-(4) requires a court to vacate an arbitration award when the arbitrator has refused to consider material evidence or exceeded his or her powers. The superior court disagreed that vacating the award was appropriate, and in a judgment filed April 2, 2014, confirmed the arbitrator's second award, ordering Katie to pay the fees from "any damages recovered in CV2010-000257 and/or from [the Trusts]." Appellants appeal that judgment.

## ANALYSIS

¶9          This court has an obligation to determine whether it has jurisdiction to hear a matter before it. *See Ariz.-Am. Water Co. v. Ariz. Corp. Comm'n*, 209 Ariz. 189, 190, ¶ 5, 98 P.3d 624, 625 (App. 2004). To that end, this court ordered supplemental briefing, specifically directing the parties to discuss whether Appellants are legally aggrieved.

¶10          An appellant must be aggrieved in order for this court to have jurisdiction. ARCAP 1(d); *In re Roseman's Estate*, 68 Ariz. 198, 200, 203 P.2d 867, 868 (1949). Absent an aggrieved appellant, dismissal is required. *Chambers v. United Farm Workers Org. Comm., AFL-CIO*, 25 Ariz. App. 104, 107, 541 P.2d 567, 570 (1975) (citing *In re Estate of McCabe*, 11 Ariz. App. 555,

556, 466 P.2d 774, 775 (1970)); *accord Kondaur Capital Corp. v. Pinal Cnty.*, 235 Ariz. 189, 192, ¶ 6, 330 P.3d 379, 382 (App. 2014); *Farmers Ins. Grp. v. Worth Ins. Co.*, 8 Ariz. App. 69, 71, 443 P.2d 431, 433 (1968).

**¶11** Mere dissatisfaction with the result of a judgment is insufficient to constitute aggrievement for jurisdictional purposes. *Chambers*, 25 Ariz. App. at 107, 541 P.2d at 570. An appellant is only aggrieved by a judgment when "it denies that party some personal or property right or imposes on that party some substantial burden or obligation." *Kerr v. Killian*, 197 Ariz. 213, 216, ¶ 10, 3 P.3d 1133, 1136 (App. 2000). The impact to the appellant must be direct, substantial, and immediate. *Douglas v. Governing Bd. of Window Rock Consol. Sch. Dist. No. 8*, 221 Ariz. 104, 108, ¶ 7, 210 P.3d 1275, 1279 (App. 2009) (citing *Abril v. Harris*, 157 Ariz. 78, 80-81, 754 P.2d 1353, 1355-56 (App. 1987)).

**¶12** The denial, burden, or obligation must result directly from the appealed judgment, decree, or order, "and not merely as a result in some other proceeding of the application of a legal principle established in the decree appealed from." *Roseman's Estate*, 68 Ariz. at 200, 203 P.2d at 868 (citation omitted); *accord In re Estate of Friedman*, 217 Ariz. 548, 551-52, ¶¶ 9-10, 177 P.3d 290, 293-94 (App. 2008) (concluding that ordering a non-party to the appeal to pay interest and taxes from a bequest only indirectly affected the appellant even when there was a purported agreement between the non-party and the appellant that would allegedly increase the amount of legal fees the appellant would be responsible for as a result of the court's order).

**¶13** Although Appellants assert various issues with the modified fee agreement, they fail to provide any reason why *they* are each individually aggrieved by the superior court's judgment requiring *Katie* to satisfy the Firm's twenty-three percent contingency entitlement from CV2010-000257 or the monies she ultimately may receive from the Trusts. In careful review of the supplemental briefing and record on appeal, we find none.

**¶14** Frank is not bound in Missouri by the superior court's judgment as to Katie's individual obligation to the Firm. *See Sigmund v. Rea*, 226 Ariz. 373, 376, ¶ 12, 248 P.3d 703, 706 (App. 2011) (holding that, under Missouri law, a judgment against one spouse cannot in any way affect the property held by both spouses in the entirety (citing *Hanebrink v. Tower Grove Bank & Trust Co.*, 321 S.W.2d 524, 527 (Mo. Ct. App. 1959))). As we have recognized in our previous memorandum decision and opinion involving these parties, in Missouri, "a spouse does not have a presently

enforceable ownership interest in marital property until a court has issued a decree of dissolution." *Russell Piccoli P.L.C.*, 237 Ariz. at 45, ¶ 6, 344 P.3d at 347 (quoting *Francis E. O'Donnell*, 1 CA-CV 11-0261, 2013 WL 709650, at *4, ¶ 18 (citing *Sumners v. Serv. Vending Co.,* 102 S.W.3d 37, 45 (Mo. Ct. App. 2003))). Frank is not aggrieved.

¶15 Additionally, the superior court's judgment does not obligate or confer an immediate affirmative duty as to the rights or property of Trustee, nor does it require any court to award any portion of the Trusts or order any distributions from the Trusts to Katie. The judgment merely requires that if and when distributions are made to Katie, a portion is to be paid to the Firm. Trustee is not aggrieved.

¶16 Even if Appellants could effectively argue they are directly impacted by the superior court's judgment, they also maintain Katie has no present interest in the Trusts and the contingent recovery from the Trusts required by the appealed judgment is predicated on the still-pending Missouri divorce action. They agree the other potential source of recovery, CV2010-000257, also remains unresolved. In previously finding Katie's debt to the Firm is marital debt that "may be satisfied from the marital property, subject to further order of the Missouri Family Court," the superior court noted its determination "has nothing to do with how the Missouri court might ultimately divide the parties' assets, allocate their debts between them, treat other creditors, or impact the Missouri dissolution court." Accordingly, any "aggrievement" on the part of Appellants will not materialize until completion or resolution of these other proceedings. *See Roseman's Estate*, 68 Ariz. at 200, 203 P.2d at 868; *Estate of Friedman*, 217 Ariz. at 551-52, ¶ 9, 177 P.3d at 293-94; *Kerr*, 197 Ariz. at 216, ¶ 10, 3 P.3d at 1136.

## CONCLUSION

¶17 Appellants lack the immediate and substantial impact necessary to appeal. For the reasons stated above, we dismiss their appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama