NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

WELLS FARGO BANK NATIONAL ASSOCIATION, as trustee for BANC
OF AMERICA MORTGAGE SECURITIES, INC. MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2003-K, *Plaintiff/Appellee*,

*v.*

CRAIG E. RAMSELL and MONNIE RAMSELL, *Defendants/Appellants*.

No. 1 CA-CV 21-0190
FILED 11-23-2021

Appeal from the Superior Court in Yavapai County
No. V1300CV202080150
The Honorable Linda Wallace, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Craig Eugene and Monnie Ramsell, Sedona
*Defendants/Appellants*

Tiffany & Bosco, Phoenix
By Leonard J. McDonald and Michael F. Bosco
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

¶1        Craig and Monnie Ramsell appeal from the superior court's order entering summary judgment for Wells Fargo Bank. We find the Ramsells have not raised a reversible issue and affirm the judgment.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In July 2020, Wells Fargo filed a complaint that alleged in July 2003,[1] the Ramsells obtained a $1,000,000 loan from Bank of America secured by a deed of trust granting an interest in real property. That same day, Bank of America assigned its beneficial interest in the loan to Wells Fargo. In November 2016, and then from February through July 2019, the Ramsells recorded several documents asserting their rights to the property, including a lis pendens, an affidavit of notice, and several public notices. The Ramsells eventually defaulted on the loan, and the bank scheduled a trustee's sale.

¶3        Wells Fargo asserted that the Ramsells' notices were a legal fiction meant to chill bidding at the sale and cloud the property's title. Thus, it sought attorney's fees and costs, a declaratory judgment declaring its rights and lien interest in the property, and damages under A.R.S. § 33-420 and alternatively under -712.

¶4        Wells Fargo attached copies of the deed of trust, its assignment of interest, the lis pendens, the affidavit of notice, and the public notices to support its allegations. One of the public notices claimed the

---

[1]        In its complaint, Wells Fargo alleged that the Ramsells obtained the loan on July 25, 2020. Because the trustee's sale was scheduled as early as July 13, 2020, and because Wells Fargo dates the execution of the promissory note to July 25, 2003, in its separate statement of facts, we infer that Wells Fargo meant to date the loan to July 25, 2003.

property was the Ramsells' home and warns potential buyers that Wells Fargo could not transfer clean title.

¶5        The Ramsells denied receiving a loan or recording the documents. They also disputed Wells Fargo's right to the property and denied violating A.R.S. §§ 33-420 or -712.

¶6        Wells Fargo moved for summary judgment, defending the validity of the deed of trust and requesting relief. *See* Ariz. R. Civ. P. 56(a). Wells Fargo alleged the Ramsells targeted Wells Fargo and other parties with frivolous lawsuits about the same property to avoid foreclosure. Wells Fargo supported these allegations with copies of motions to dismiss from the previous lawsuits and the orders granting them. Wells Fargo asked the court to quash the Ramsells' notices and to award statutory remedies under A.R.S. § 33-420 along with attorney's fees and costs. The Ramsells then declared Wells Fargo had not sued them individually but had instead sued trusts bearing their names. They claimed that Wells Fargo's attorneys were fiduciaries of the purported trusts and had breached their fiduciary duties by moving for summary judgment. Still, they did not respond to the summary judgment motion.

¶7        The court granted Wells Fargo summary judgment. In doing so, it entered judgment declaring that the Ramsells did not own the property and did not have a lien interest superior to Wells Fargo's. The court awarded attorney's fees and costs under A.R.S. §§ 12-341.01 and 33-420(A) and imposed a $5000 penalty under § 33-420(A). The court also quashed the purported notices that the Ramsells had recorded. The Ramsells appealed, and we have jurisdiction under A.R.S. §§ 12-120.21 and -2101(A)(1).

## DISCUSSION

¶8        Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "We review the grant of summary judgment de novo to determine whether any genuine issue of material fact exists, and we view the evidence and all reasonable inferences in favor of the non-moving party." *Russell Piccoli P.L.C. v. O'Donnell*, 237 Ariz. 43, 46–47, ¶ 10 (App. 2015). Summary judgment is appropriate if "the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). Even without a dispute of fact, summary judgment is improper if the record

evidence does not show that the movant is entitled to judgment as a matter of law. *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291, ¶ 12 (App. 2010). If the evidence would allow a jury to resolve a material issue in favor of either party, summary judgment is improper. *United Bank of Ariz. v. Allyn,* 167 Ariz. 191, 195 (App. 1990).

**¶9** Through its attachments, Wells Fargo provided evidence that it had a lien interest in the property and that the Ramsells had recorded invalid notices to avoid foreclosure. Without contradictory evidence, the court correctly concluded the notices were invalid and subject to penalty under A.R.S. § 33-420(A), declared Wells Fargo's lien interest in the property superior to the Ramsells' interest, and affirmed the effect of the foreclosure of the deed of trust under A.R.S. §§ 12-1831 and -1101(A). And the Ramsells produced no evidence to challenge Wells Fargo's allegations and articulated no basis to dispute Wells Fargo's rights to the property or challenge its requested remedies. Nor do they here. Thus, we affirm the superior court's summary judgment.

## ATTORNEY'S FEES AND COSTS

**¶10** Wells Fargo requests attorney's fees and costs under A.R.S. §§ 12-341, -341.01(A), and 33-420. We award reasonable attorney fees to Wells Fargo under A.R.S. § 33-420(A). We also award costs to Wells Fargo as the prevailing party. Both awards depend on compliance with ARCAP 21.

## CONCLUSION

**¶11** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA

4